**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

ANIL VAZIRANI, an individual, and )
SECURED FINANCIAL SOLUTIONS, LLC )
)
                 Plaintiffs, )   **CIVIL ACTION**
)
v. )   No.  09-1311-MLB-KGG
)   No.  11-1032-MLB-KGG
MARK V. HEITZ, an individual, and )
JORDAN CANFIELD, an individual )
)
                 Defendants. )
_____)
VAZIRANI & ASSOCIATES FINANCIAL, )
LLC )
)
                 Plaintiff, )
)
v. )
)
MARK V. HEITZ, an individual, and )
JORDAN CANFIELD, an individual )
)
                 Defendants. )
_____)

**MEMORANDUM AND ORDER**

Before the court is defendant's motion for reconsideration (Doc. 72). Defendant's motion is denied.

Defendant argues the conspiracy and aiding and abetting claims should be dismissed because the underlying alleged tort was dismissed as time barred. Defendant presents the court with Kansas cases finding that claims like conspiracy and aiding and abetting must be dismissed where the underlying tort is dismissed, even if such dismissal is because of a time bar.

Although Kansas generally applies its own statutes of limitations to actions before it, Arizona provides the substantive law in this case (Doc. 12 at p. 4). Under Arizona law, the dismissal of

the underlying tort because it was time barred does not mean the conspiracy and aiding and abetting claims must also be dismissed. The court has not decided the conspiracy and aiding and abetting claims on the merits. Defendant's motion for reconsideration (Doc. 73) is denied.

IT IS SO ORDERED.

Dated this __30th__ day of June 2011, at Wichita, Kansas.

>s/ Monti Belot
>Monti L. Belot
>UNITED STATES DISTRICT JUDGE