IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANIL VAZIRANI and ) <br> SECURED FINANCIAL SOLUTIONS, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MARK V. HEITZ and ) <br> JORDAN CANFIELD, ) <br> ) <br> Defendants. ) | **CIVIL ACTION** <br><br> No.  09-1311-MLB |
| VAZIRANI & ASSOCIATES ) <br> FINANCIAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK V. HEITZ and ) <br> JORDAN CANFIELD, ) <br> ) <br> Defendants. ) | **CIVIL ACTION** <br><br> No.  11-1032-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for attorney fees.[1] (Doc. 145). The motion has been fully briefed and is ripe for decision. (Docs. 149, 152, 166, 167). Defendants' motion is denied for the reasons herein.

**I.   Facts and Procedural History**[2]

---

[1] Defendants also moved for an order authorizing payment of their costs. The parties, however, have entered into a stipulation regarding the costs in this action. (Doc. 161). Therefore, the motion for costs is granted.

[2] The facts surrounding this action are accurately set forth in this court's memorandum and order entered on June 27, 2012. (Doc. 143).

Plaintiffs filed these actions alleging claims of tortious interference with contract and business expectations, civil conspiracy, aiding and abetting, defamation and trade libel. On March 15, 2011, the court granted defendants' motion to dismiss the defamation and trade libel claims.[3] On June 27, 2012, the court granted summary judgment in favor of defendants on the remaining claims. Plaintiffs have appealed that order to the Tenth Circuit. (Doc. 146).

Defendants move for attorney's fees on the basis that they are allowable under Arizona law for the prevailing party in an action arising out of a contract. Plaintiffs object.

**II. Analysis**

Pursuant to A.R.S. § 12-341.01, a prevailing party can recover attorney's fees "[i]n any contested action arising out of a contract." The most recent decision concerning this statute is <u>Bennett v. Baxter Group, Inc.</u>, 223 Ariz. 414, 224 P.3d 230 (Ariz. Ct. App. 2010), in which the court noted that "the meaning of 'arising out of a contract' as used in § 12-341.01(A) has been the subject of many appeals in which courts have had to evaluate its applicability to non-contract claims." 224 P.3d at 235.

<u>Bennett</u> cites to <u>Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.</u>, 198 Ariz. 10, 6 P.3d 315 (Ariz. Ct. App. 2000), as the applicable standard in determining whether an action is one which arises out of a contract:

the court should look to the fundamental nature of the

---

[3] Defendants do not seek attorney's fees for the expenses incurred on these two claims. (Doc. 152 at 1).

-2-

>action rather than the mere form of the pleadings. The existence of a contract that merely puts the parties within tortious striking range of each other does not convert ensuing torts into contract claims. Rather, a tort claim will "arise out of a contract" only when the tort could not exist "but for" the breach or avoidance of contract. When the duty breached is one implied by law based on the relationship of the parties, that claim sounds fundamentally in tort, not contract. In such cases, it cannot be said that the plaintiffs claim would not exist "but for" the contract. The test is whether the defendant would have a duty of care under the circumstances even in the absence of a contract.

6 P.3d at 320-21.

Applying that rationale, the Court of Appeals in Bennett held that a claim of tortious interference does not arise out of a contract, citing Bar J Bar Cattle Co. v. Pace, 158 Ariz. 481, 486, 763 P.2d 545, 550 (Ariz. Ct. App. 1988) ("The duty not to interfere with the contract of another arises out of law, not contract.") and W. Techs., Inc. v. Sverdrup & Parcel Inc., 154 Ariz. 1, 3, 7-8, 739 P.2d 1318, 1320, 1324-25 (Ariz. Ct. App. 1986). Although the plaintiff in Bennett brought a claim of breach of contract in addition to his numerous tort claims, the court found that attorney's fees in conjunction with a claim for tortious interference is not allowed under Arizona law.[4]

Turning to the first case cited in Bennett, Bar J, the plaintiff, a cattle ranch, sued the defendant alleging that the defendant

---

[4] The Arizona Court of Appeals, however, remanded the issue of attorney's fees in light of Modular Mining Sys., Inc. v. Jigsaw Tech., Inc., 221 Ariz. 515, 212 P.3d 853 (Ariz. Ct. App. 2009), which allows attorney's fees on tort claims when the tort claims are so factually connected to a contract claim that they require the same work that is already necessary for the defense or prosecution of the contract claim alone. This analysis is not applicable in this case because plaintiffs have not brought a breach of contract claim against defendants in this case.

interfered with his contract with the state of New Mexico by fraudulently inducing the sale of the land the plaintiff leased from the state. 158 Ariz. 481, 486, 763 P.2d 545, 550 (Ariz. Ct. App. 1988). The trial court entered summary judgment in favor of the defendant after determinating that the defendant did not improperly interfere with New Mexico's decision to terminate the lease with the plaintiff.[5] The defendant sought attorney's fees on the basis that the action arose out of a contract. The Arizona Court of Appeals determined that here was no contractual relationship between the parties and the "duty not to interfere with the contract of another arises out of law, not contract." 763 P.2d at 550. Therefore, an award of attorney's fees was not allowed under the statute.

In W. Techs., the Arizona Court of Appeals briefly discussed the attorney's fees issues and held that fees were not allowable on the tort claims, which included a claim for tortious interference. 739 P.2d at 1324-25.

Defendants, however, urge the court to follow the analysis in Killingsworth v. State Farm Mut. Auto. Ins. Co., No. 03-1950, 2006 WL 381682 (D. Ariz. Feb. 16, 2006), a federal district court decision, and hold that the claim of tortious interference arises out of plaintiffs' contract with Aviva. In Killingsworth, the plaintiff, a former employee of one of the defendants, brought claims of breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing against his former employer. In addition, the plaintiff brought a claim of tortious interference with

---

[5] As in this case, there was no breach of the contract but rather a termination of the contract.

-4-

contractual relations against another employee. Upon prevailing on their summary judgment motion, defendants sought attorney's fees under § 12-341.01(A). After discussing the claims against the employer, the court turned to the availability of fees for the claim of tortious interference. First, the court noted that "[c]laims for tortious interference with contract generally do not come within the reach of A.R.S. § 12-341.01(A) because the duty not to interfere is imposed by law, rather than by contract." Killingsworth, 2006 WL 381682, *2 (citing Bar J, 763 P.2d at 550).

The court, however, in allowing the award of fees reasoned as follows:

> But that generalization may not be the end of the inquiry for a case like this in which the tortious interference claim was asserted against an employee (Gonzales) of the contracting party (State Farm) for allegedly causing his employer to breach its contract with the plaintiff. Gonzales was granted summary judgment precisely because he cannot be personally liable for breaching or inducing breach of his employer's contract, acting in the course and scope of his employment. In this case the manager is the employer, so there is no third party, which is the gist of the action for tortious interference. (Doc. # 193, pp. 8-10.) In these circumstances the supposed tort of interference with the contract collapses into the claim of breach of contract itself.

2006 WL 381682 at *2.

In Killingsworth, the court emphasized that the employee was acting in the course of his employment at all times which resulted in the conclusion that the tort was in actuality a breach of contract claim against his employer. Contrary to the facts in Killingsworth, plaintiffs in this case have consistently argued that defendants were acting outside the scope of their job duties for their own benefit and the benefit of another company which contracted with Aviva. The

-5-

court, however, determined that plaintiffs did not establish this fact.

The rationale for the Killingsworth decision was based on an earlier Arizona Court of Appeals case, Rutledge v. Arizona Bd. of Regents, 147 Airz. 534, 557, 711 P.2d 1207, 1230 (Ariz. Ct. App. 1985), a decision which the court in Killingsworth realized was "now muted" in light of other Arizona cases but has not been "overruled explicitly." The court in Rutledge determined that attorney's fees were available to defendants on the basis that the plaintiff's claim of intentional interference with a contract made against the employer under the doctrine of **respondeat superior** did not exist "but for the alleged breach of contract." Rutledge, 711 P.2d at 1230. The Rutledge court, however, did not specifically discuss the claim of intentional interference with a contract that was made against another employee but did not include allegations of respondeat superior. This is significant because plaintiffs' allegations in this case do not include a theory of respondeat superior but claim that defendants were acting for their own benefit and the benefit of another company which contracted with Aviva. This distinguishes the case before the court from Rutledge.

Moreover, as mentioned in Killingsworth, Rutledge was "muted" by the Arizona Supreme Court's decision in Barmat v. John and Jane Doe Partners A-D, 155 Ariz. 519, 747 P.2d 1218 (1987). Barmat discussed the meaning of the phrase "arising out of a contract" as follows: "Where, however, the duty breached is not imposed by law, but is a duty created by the contractual relationship, and would not exist 'but for' the contract, then breach of either express covenants or those

-6-

necessarily implied from them sounds in contract. <u>Sparks</u>[6], <u>supra</u>; <u>Lewin</u>, <u>supra</u>. The essence of such actions arises 'out of a contract,' eligible for an award of fees under the statute." 747 P.2d at 1223.

In this case, the allegations do not stem from a duty owed by the contract. The duty not to interfere with one's contract or business expectations is a duty created out of law. Importantly, one can interfere with a contract without causing a breach, as discussed in <u>Bar J</u>. Moreover, the court is bound by Arizona law set forth in <u>Bennett</u>, 224 P.3d at 235-37, which has held that a claim for tortious interference does not arise out of a contract. Because the duties of defendants in this case arise out of law and not out of the contract plaintiffs had with Aviva, attorney's fees are not allowed under A.R.S. § 12-341.01.[7]

Defendants' motion is accordingly, but reluctantly, denied.

## III. Conclusion

Defendants' motion for attorney's fees is denied. (Doc. 145).

---

[6] <u>Sparks v. Republic Nat. Life Ins. Co.</u>, 132 Ariz 529, 647 P.2d 1127 (1982). In <u>Sparks</u>, the court held that attorney's fees "may be awarded pursuant to 12-341.01(A) based upon facts which show a breach of contract, the breach of which may also constitute a tort. The fact that the two legal theories are intertwined does not preclude recovery of attorney's fees under s 12-341.01(A) as long as the cause of action in tort could not exist but for the breach of the contract." 647 P.2d at 1142.

[7] Although the parties spend a significant amount of time on the claim of interference with a contract, defendants also seek fees on the claims of interference with business expectancies, civil conspiracy and aiding and abetting. The claim of interference with business expectancies clearly sounds in tort and does not arise out of a contract as plaintiffs asserted that they had an interest in future income from the relationship with Aviva. With respect to the civil conspiracy claim and the aiding and abetting claims, those claims were based on the predicate torts of interference with a contract and interference with business expectancies. Therefore, attorney's fees are not allowed for the reasons stated in this order.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  10th   day of October 2012, at Wichita, Kansas.

                                      s/ Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE